

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building　　　　　　　　　　(302) 573-6277
1007 Orange Street, Suite 700　　　　FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

April 8, 2005

**BY HAND**

The Honorable Gregory M. Sleet
U.S. District Court
844 King Street
Wilmington, Delaware 19801

  Re: **United States v. Dawn A. Muzoleski**
    **Criminal Action No.   05-22-GMS**

Dear Judge Sleet:

  A Waiver of Indictment and Information have been filed in the above-captioned case charging the defendant with one count of Bank Theft. The defendant, through defense counsel, Eugene J. Maurer, Esquire, has accepted the government's pre-indictment plea offer. Enclosed please find a copy of the proposed Memorandum of Plea Agreement in the above-captioned case. I write to request a date and time for the defendant's initial appearance during which she is expected to plead guilty.

               Respectfully submitted,

               COLM F. CONNOLLY
               United States Attorney

            BY:_____
               Anne Y. Park
               Assistant United States Attorney

cc: Clerk of Court
   Eugene J. Maurer, Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No.05-22-GMS |
| ) | |
| DAWN A. MUZOLESKI, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Anne Y. Park, Assistant United States Attorney for the District of Delaware, and the defendant, Dawn A. Muzoleski, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Information. Count One charges the defendant with Bank Theft, in violation of Title 18, United States Code, Section 2113(b), which carries a maximum sentence of a term of imprisonment of 10 years, a fine of $250,000, 3 years of supervised release, and a mandatory special assessment of $100. The defendant understands that she may be ordered to pay restitution to the victim as part of her sentence.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count One of the Information: (1) the defendant took and carried away money belonging to or in the care, custody, control, management, or possession

of Wilmington Trust Company; (2) at the time Wilmington Trust Company had its deposits insured by the Federal Deposit Insurance Corporation; (3) the defendant took and carried away such money with the intent to steal; and (4) such money exceeded $1,000.00.

3. The defendant admits the following facts.

   a. The defendant was employed as a Personal Financial Advisor at the Newark, Delaware branch of Wilmington Trust Company (WTC) at all times relevant to the Information.

   b. From May 2003 through October 2003, the defendant engaged in the following scheme to steal funds from Wilmington Trust Company.

   c. Beginning in May 2003, the defendant issued checks from her personal WTC checking account, made payable to Wilmington Trust Company, in high dollar amounts. Using these checks, the defendant purchased WTC treasurer's checks or money orders made payable to herself or a business, relative, or friend in the same amounts. The defendant immediately deposited these treasurer's checks or money orders back into her personal WTC checking account. If the treasurer's checks or money orders were made payable to a business, relative, or friend, the defendant would endorse the treasurer's checks or money orders over to herself by forging the signature of the business, relative, or friend.

   c. The defendant knew that the personal checks, which she used to purchase the treasurer's checks or money orders, would not be debited from her checking account until several days to several weeks after the deposits had been credited, thus artificially inflating the amount of funds in her checking account during this period of time. The defendant then withdrew more money from her checking account than she actually had. To cover the overdraft amount, the defendant issued another personal check to purchase another treasurer's check or money order, which she

2

immediately deposited back into her personal checking account, thereby keeping her checking account artificially inflated.

   d. The total amount of loss sustained by WTC as a result of the defendant's theft was $21,243.32.

  4. The United States Attorney's Office for the District of Delaware agrees that in consideration of the defendant's timely guilty plea it will not prosecute the defendant on any additional criminal charges based on the defendant's conduct as set forth in paragraph three above.

  5. The United States further agrees to a two-level reduction under USSG § 3E1.1(a), and if the defendant's offense level is determined to be level 16 or greater, the United States agrees to an additional 1 level reduction under USSG § 3E1.1(b), provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility.

  6. The defendant admits that the total amount of loss sustained by Wilmington Trust Company was more than $10,000, but less than $30,000, and thus agrees that her offense level should be increased by 4 levels pursuant to USSG § 2B1.1(b)(1)(C).

  7. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant recognizes that the Court is not

bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney.

8. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

By: _____
Anne Y. Park
Assistant United States Attorney

_____
Eugene J. Maurer, Jr., Esquire
Attorney for Defendant

_____
Dawn A. Muzoleski
Defendant

Dated: 3-15-05

**AND NOW**, this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
United States District Judge
District of Delaware

5